# IN THE SUPERIOR COURT
# OF GUAM

FILED:
SUPERIOR COURT
OF GUAM

2013 OCT 11 PM 1: 58

CLERK OF COURT
BY:_____

JUNE BORJA CRUZ             )     CIVIL CASE NO.: CV0141-13
On behalf of her minor child J.L.B.C.,    )

         v.                  )     **DECISION AND ORDER**

ROBBY SANTOS,             )

          Defendant.      )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Plaintiff's Motion for Order to Release Names and Contact Information was taken under advisement on September 14, 2013. Plaintiff is represented by attorney Matthew E. Wolff. The Guam Department of Education (hereafter GDOG) is represented by attorney Andrew T. Perez. Having considered the arguments, evidences and file herein, the Court hereby enters an order GRANTING Plaintiff's motion.

## BACKGROUND

The instant matter arises out of an August 19, 2013, Amended Complaint for Temporary and Permanent Injunction. In her pleading Plaintiff on behalf of her minor child requests the entry of an order restraining the Defendant from contact with the Plaintiff minor child. The Pleading arises out of a February 26, 2013 incident where it is alleged Defendant pushed Plaintiff minor child to the ground and punched his face four to six times.

On August 2, 2013, Plaintiff filed a paper entitled, Motion for Order to Release Names and Contact Information. In it Plaintiff requests that the Court enter an order instructing the Department of Education to provide Plaintiff with the names, dates of birth and Contact information of the Defendant's parents. In support of this request Plaintiff argues that the information is necessary to effect service of process and cites to the, health and safety,

directory information, and subpoena and court order, exceptions of the Family Educational Rights and Privacy Act (hereafter FERPA).

GDOE filed its opposition on August 30, 2013. In it GDOG asserts that the information sought is protected by FERPA and that GDOG is prohibited from releasing it. It further argues that Plaintiff's assertions fall outside of the exceptions protecting the information and that this information, absent further showing of genuine need, should not be ordered released.

Plaintiff filed her reply on September 16, 2013. In it Plaintiff argues that she has asserted sufficient facts to justify release of the information under FERPA's health and safety exception. She also re-asserts and argues that her request is permitted by the Judicial Order and Lawfully-Issued Subpoena exception.

## DISCUSSION

In April of this year the Public Law 32-029 was enacted to regulate the release of student information. Public Law 32-029. Section 2 of that law was codified into Section 6121 of Title 17 of the Guam Code. *Id.* It is undisputed that Section 6121 allows for the release of student information pursuant to a valid Court order or under the exceptions provided by 20 U.S.C. § 1232(g) (FERPA). *Id.* After reviewing the facts and arguments asserted in this case the Court finds that sufficient cause exists to require the release of certain contact information. A plain reading of these laws and exceptions clearly allows for the release of contact information for judicial purposes when there is a legitimate potential safety risk to a student and the disclosure of information narrow and limited. *Id.*

**CONCLUSION**

Based upon the foregoing, the Court GRANTS Plaintiff's motion. Upon allowing for GDOE to provide Defendant's parents a 20 day notice of the release of the information, GDOE shall provide Plaintiff with the names addresses and contact information of Defendant and his Parents or Legal Guardians for the sole purpose of effecting service of process.

SO ORDERED, this _11_ day of _October_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

OCT 11 2013